Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000180
16-MAY-2019
08:16 AM

NO. CAAP-18-0000180

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
SOPHINA PLACENCIA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1PC151000445)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Sophina Placencia (**Placencia**) appeals from the Order Denying Defendant Sophina Placencia's Motion to Modify Terms and Conditions of Probation (**Order Denying Motion to Modify**) entered by the Circuit Court of the First Circuit (**Circuit Court**)[1] on February 20, 2018. For the reasons explained below, we dismiss her appeal as being moot.

Placencia was convicted of four counts of first degree theft and one count of second degree theft. The Circuit Court[2] sentenced her to one year in prison to begin on May 15, 2017. On January 25, 2018, Placencia filed a motion to modify the terms of her sentence. She asked to be released from prison to help care for her father, who was to undergo radiation treatment and would

---

[1] The Honorable Todd W. Eddins presided.

[2] The Honorable Dean E. Ochiai presided.

require assistance from a family member. The motion was supported by a declaration of counsel and a letter of support. On February 20, 2018, the Circuit Court entered the Order Denying Motion to Modify without conducting a hearing on the motion. Placencia filed her notice of appeal on March 20, 2018.

The sole point of error raised by Placencia is whether the Circuit Court abused its discretion in summarily denying the motion to modify her sentence without conducting a hearing. Her motion requested an early release from prison; she challenged no other aspect of her conviction or her sentence. However, Placencia completed her prison term and was released from custody on May 13, 2018,[3] making the determination of whether the Circuit Court erred in entering the Order Denying Motion to Modify without conducting a hearing moot. State v. Kiese, 126 Hawai'i 494, 508, 273 P.3d 1180, 1194 (2012); see also State v. Wilhelm, No. CAAP-16-0000313, 2017 WL 4640504, at *2 (Haw. App. Oct. 17, 2017) (SDO) ("[I]f an appellant appeals his or her sentence of imprisonment, but the sentence has already been served, the appeal is generally considered moot."). Placencia does not contend that one of the public interest exceptions to the mootness doctrine[4] applies to this case. "Mootness is an issue of subject matter jurisdiction." State v. Nakanelua, 134 Hawai'i 489, 501, 345 P.3d 155, 167 (2015) (citation and brackets

---

[3]     The State asked the court to take judicial notice that Placencia was released from custody, citing a report from the Hawaii Statewide Automated Victim Information and Notification system, https://www.vinelink.com (last visited April 27, 2019). Placencia filed a Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(d) (2016) notice that she was not filing a reply brief, did not object to the State's request for judicial notice, and did not dispute that she was released from custody on May 13, 2018. The court takes judicial notice of Placencia's release from custody pursuant to Hawaii Rules of Evidence (**HRE**) Rule 201 (2016).

[4]     See Kiese, 126 Hawai'i at 508-09, 273 P.3d at 1194-95 (Hawai'i Supreme Court has "recognized three exceptions to the mootness doctrine: matters capable of repetition yet evading review, matters affecting the public interest, and matters posing collateral consequences for the defendant.") (footnotes omitted).

omitted).  Since the issue raised by Placencia's appeal is moot, we lack subject matter jurisdiction.

For the foregoing reasons, this appeal is dismissed.

DATED: Honolulu, Hawaiʻi, May 16, 2019.

On the briefs:

Shawn A. Luiz,
for Defendant-Appellant.

Adrian Dhakhwa,
Deputy Attorney General,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Keith K. Hiraoka

Associate Judge

3